**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

_____
                                      :
LESTER JOHNSON,                       :
                                      :  Civil Action No. 06-926 (RBK)
            Plaintiff,                :
                                      :
       v.                             :       **O P I N I O N**
                                      :
NEW JERSEY DEPARTMENT OF              :
CORRECTIONS,                          :
                                      :
            Defendant.                :
_____:

**APPEARANCES:**

   Lester Johnson, Pro Se
   #430408/SBI#764277A
   Southern State Correctional Facility
   P.O. Box 150
   Delmont, NJ 08314

**KUGLER**, **District Judge**

   Plaintiff, Lester Johnson, currently incarcerated at the Southern State Correctional Facility, Delmont, New Jersey, seeks to bring this action pursuant to 28 U.S.C. §§ 1915(e) and 1915A, alleging violations of his constitutional rights. Based upon his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of Court to file the complaint.

   At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether

Plaintiff states cognizable claims or whether the complaint should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint is subject to dismissal as submitted.  Plaintiff will be permitted to amend his complaint in accordance with this Opinion and attached Order.

## BACKGROUND

The following factual allegations are taken from the Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff states that his equal protection and due process rights are being violated by the Department of Corrections because they have failed to apply work credits earned to his sentence, pursuant to New Jersey law.  Plaintiff was sentenced under New Jersey state law pursuant to the "No Early Release Act" ("NERA"), N.J.S.A. 2C:43-7.2.  Plaintiff states that he was entitled to work credits, but that because he was subject to NERA, the credits could not be applied to his sentence.  However, Plaintiff states that under New Jersey law, he is entitled to monetary compensation for the credits.  As a remedy in this action, Plaintiff seeks only monetary compensation for credits earned.

**DISCUSSION**

**A.   Section 1915 Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

"A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should

"accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

**B.    Section 1983**

Section 1983 of Title 42 of the United States Code authorizes a person such as plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the challenged conduct was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.J. Kress & Co.,

4

398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

### C. **Plaintiff's Complaint is Subject to Dismissal as Submitted.**

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are "persons" within the meaning of § 1983.  See  Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989).  As the New Jersey Department of Corrections is an arm of the state for Eleventh Amendment purposes, it is not a "person" for purposes of a suit pursuant to 42 U.S.C. § 1983.  See  Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989); Igenito v. Dep't of Corrections, 568 F. Supp. 946, 950-51 (D.N.J. 1983).  Thus, Plaintiff's complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b)(2), for seeking relief from an immune defendant.

Furthermore, the New Jersey state court has held:

> "[C]ommutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded *subsequent to the expiration of the term.*" N.J.S.A. 30:4-123.51(a) (emphasis added).  The work credits will be awarded at the expiration of his mandatory minimum term.  At that time he may be entitled to payment for work he performs for which he does not receive the benefit of remission of his sentence. *N.J.S.A.* 30:4-92.

Salvador v. Dep't of Corrections, 378 N.J. Super. 467, 470, certif. denied, 185 N.J. 295 (2005).  In this case, Plaintiff has not alleged that his mandatory minimum term has expired.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). In this case, Plaintiff will be granted 30 days to amend his complaint to address the deficiencies cited herein.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint is subject to dismissal.  However, Plaintiff will be granted leave to file an amended complaint.  An appropriate Order accompanies this Opinion.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: June 2, 2006

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  See id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  See id.

7